1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE COMPANY AS RECEIVER FOR FIRST BANK OF BEVERLY HILLS,<br><br>                    Plaintiff,<br><br>     vs.<br><br>LARRY B. FAIGIN, CRAIG KOLASINSKI, ERIC ROSA, ANNETTE VECCHIO, HOWARD AMSTER, WILLIAM D. KING, STEPHEN GLENNON, ROBERT KANNER, KATHLEEN KELLOGG AND JOHN LANNAN,<br><br>                    Defendants. | Case No.   12-CV-03448-DDP-CW<br><br>**STIPULATED PROTECTIVE ORDER** |

## <u>ORDER</u>

In light of the Stipulation of the parties filed herewith, and good cause appearing therefore, IT IS HEREBY ORDERED as follows:

1.     This Order shall apply to and govern all discovery taken under the Federal Rules of Civil Procedure, including without limitation depositions; documents,

14708932.2

information or things disclosed or produced in response to requests for production of documents; answers to interrogatories; responses to requests for admissions; responses to subpoenas and other information that the Disclosing Party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" furnished, directly or indirectly, by or on behalf of any Party or any non-Party in connection with the above-captioned litigation ("Protected Material").  In addition, this Order applies to any copy, extract, or complete or partial summary of any Protected Material; any portion of any brief, memorandum, or any other writing or exhibit thereto which discloses the contents of any Protected Material; and any information contained in or obtained from any Protected Material.

2.     When used in this Order, the phrase "Disclosing Party" shall refer to the Parties to the above-captioned litigation or to non-Parties who give testimony or produce documents or otherwise designate Protected Material in connection with the above-captioned litigation.

3.     When used in this Order, the word "document" encompasses, but is not limited to type of document or testimony, including all documents or things described in Federal Rule of Evidence 1001(1)-(4) and/or Fed. R. Civ. P. 34(a)(1)(A) or (B).

4.     The Disclosing Party who designates any material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (sometimes referred to herein as a "Designating Party") bears the burden of establishing the confidential status

of such material in any situation in which the designation is at issue, and nothing in this Order shall be construed to alter such burden. The Parties enter into and stipulate to this Order without prejudice to the rights of any Party to assert or contest the confidential status of any material as set forth below.

5.     Subject to any challenges that a Party may make under this Order, a Disclosing Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any trade secret or other proprietary, regulatory or confidential information or research, design, development, financial or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G) and any applicable case law interpreting Fed. R. Civ. P. 26(c)(1)(G). In addition, subject to any challenges that a Party may make under this Order, a Disclosing Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," subject to any challenges that a Party may make under this Order, non-public personal information or other information for which applicable federal or state law requires confidential treatment, including, but not limited to, confidential material related to the First Bank of Beverly Hills (the "Bank"), its customers, or any other entity, including without limitation: Automated Clearing House items or transactions, chargebacks, merchant processing, bank account information, signature cards, bank statements, general ledger entries, deposit or reserve information, commodity trading statements, loans and lending transactions, loan applications,

financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and related loan documentation relating to any extension of credit or loan to any borrower, such as documents containing a customer's account number, credit card number, personal identification number, account balance, information relating to a deposit account, loan, or borrower relationship and loan application materials, and documents or information that contain the customer's name, address, social security number, date of birth or other similar identifying information. In addition, subject to any challenges that a Party may make under this Order, a Disclosing Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" non-public documents or information related in any way to the regulation or supervision of the Bank, in whatever form, whether preliminary or final, including, but not limited to, reports of examination or inspection, regulatory correspondence, reports, orders, work papers, memoranda, or agreements by, from or with the Federal Deposit Insurance Corporation ("FDIC"), the California Department of Financial Institutions ("CDFI"), or any other federal or state regulatory authority, and any documents containing confidential information obtained from any documents and records related to the supervision or regulation of the Bank, it being understood and agreed that the release of such regulatory documents may require approval from independent government agencies, and that no regulatory documents, however obtained, will be disclosed to third parties without approval by the respective regulatory authority.

In addition, a Disclosing Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" nonpublic documents or information related in any way to the receivership of the Bank, including, but not limited to, any information on loss or estimates of such loss on the Bank's assets.  In addition, subject to any challenges that a Party may make under this Order, a Disclosing Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" nonpublic documents or information that are confidential or exempt from disclosure as provided in the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), the FDIC's regulations governing the disclosure of information, 12 C.F.R. Part 309, the laws of the State of California, or any other applicable federal or state laws.  However, the failure to designate any documents with such legend shall not constitute a waiver by the Disclosing Party of the right to assert that such documents contain protected confidential, proprietary, personal, or trade secret information or are otherwise confidential. In the event that any Disclosing Party inadvertently produces confidential documents or information without designating the documents or information as confidential, and if the Disclosing Party subsequently notifies the receiving Party that the documents or information should have been designated confidential, the Parties agree to treat any such subsequently identified documents or information as duly designated confidential and subject to this Order and to allow the

Disclosing Party an opportunity to mark the disclosed documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6.      Any Party or non-Party receiving any non-public Protected Material from a Disclosing Party, shall use that material soley for the purpose of conducting this litigation and not for any other purpose whatsoever and shall take all reasonable steps necessary to maintain the confidentiality of the Protected Material.

7.      In the absence of written permission from the Disclosing Party, or an order of the Court, material designated as "CONFIDENTIAL" may be disclosed only to the following persons:

a. The named Parties and the attorneys working on the above-captioned litigation on behalf of any Party, including attorneys consulting with or advising any Party to the above-captioned litigation, in-house attorneys, paralegals, and staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel;

b. Any expert or consultant who is expressly retained by any attorney described in Paragraph 7(a) to assist in the above-captioned litigation, with disclosure only to the extent reasonably necessary to perform such work;

c. Vendors, experts and consultants engaged to assist or participate in the above matters;

d.  Any fact witness, including named Parties, and including attorneys for such fact witness, provided, however, that the witness (i) shall not retain any documents marked as "CONFIDENTIAL," and (ii) shall be informed, prior to being shown materials marked as "CONFIDENTIAL" that he/she is being shown such materials solely for use in the above-captioned litigation;

e.  FDIC personnel (including, but not limited to, its Board, Chairman, directors, attorneys, investigators and senior executives) conducting, assisting, monitoring, reviewing or making determinations with regard or related to the above-captioned litigation, any litigation or proceeding arising out of or related to the above-captioned litigation;

f.  Auditors or examiners required or authorized by law to review materials that may include Confidential Material;

g.  Persons to whom the information is required to be made available under the FOIA or the FDIC's FOIA regulations, 12 C.F.R. § 309.5, upon receipt of a proper FOIA request for such information;

h.  The individuals and entities permitted access to exempt information under 12 C.F.R. § 309.6;

i.  The Parties' insurer(s) and any such insurers' designated agents; and

j.  The Court, jury, court personnel, court reporters, and other persons retained or employed by the Court.

8.    The persons described in Paragraphs 7(a)-(i) shall have access to "CONFIDENTIAL" material only after they have been made aware of the provisions of this Order (including, without limitation, Paragraph 6). Counsel retaining or representing the persons described in Paragraphs 7(b), 7(c), 7(d), and 7(i) shall require that such persons manifest their assent to be bound by the provisions of this Order by signing a copy of the annexed "ACKNOWLEDGMENT." Counsel shall retain copies of the signed "ACKNOWLEDGMENT" forms until the completion of the above-captioned litigation and for a reasonable period of time thereafter, not to exceed four years. Any non-Party receiving "CONFIDENTIAL" material is enjoined from disclosing that material to any other person, except in conformance with this Order. Any Party who grants access to any "CONFIDENTIAL" material shall take reasonable measures to ensure compliance with this Order by any non-Party granted access to the "CONFIDENTIAL" material.

9.    "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" shall mean Protected Material whose disclosure to another Party or non-Party would create a substantial risk of serious injury or violation of personal rights that could not be avoided by less restrictive means.  Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" only to:

a.    The receiving Party's counsel of record in the above-captioned litigation as

well as employees of said outside counsel to whom it is reasonably necessary to disclose the information in connection with the above-captioned litigation;

b.  Experts to whom disclosure is reasonably necessary for this litigation and who have signed an agreement to be bound by this Order;

c.  The Court and its personnel in connection with the above-captioned Litigation;

d.  Court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary in connection with the above-captioned Litigation and who have signed an agreement to be bound by this Order; and,

e.  The author of the document or the original source of information.

10.  The Court shall retain jurisdiction over this Order, including any proceedings relating to performance under or compliance with the Order. Individuals who receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall be subject to this Order and to the jurisdiction of this Court concerning this Order.

11.  The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material that is provided under this Order shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of

**STIPULATED PROTECTIVE ORDER**

such material as is exercised by the recipient with respect to its own proprietary material. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall not be copied, reproduced, summarized, extracted or abstracted, except to the extent that such copying, reproduction, summarization, extraction or abstraction is reasonably necessary in connetion with the above-captioned litigation. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of this Order.

12. This Order does not affect the ability of any regulator to use any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material in the exercise of its duties as a regulatory agency.

13. Disclosing parties shall designate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material as follows:

a. In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made, as appropriate under the terms of this Order, by placing the following legend on each page of any such document: "CONFIDENTIAL – Subject to Protective Order," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – Subject to Protective Order" or where this is not practicable, by informing the recipients of the designation in writing at the time of production. In the event that a Disclosing Party inadvertently fails

to stamp or otherwise designate a document or other material as "CONFIDENTIAL – Subject to Protective Order" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – Subject to Protective Order" at the time of its production, that Disclosing Party may stamp or otherwise designate the document or other material as "CONFIDENTIAL – Subject to Protective Order" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – Subject to Protective Order" at any reasonable time thereafter. The delay in designating a document as "CONFIDENTIAL – Subject to Protective Order" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – Subject to Protective Order" shall not, in and of itself, be deemed to have affected a waiver of any of the protections of this Order. However, the foregoing provision shall not apply to any documents or material that had already been made publicly available prior to the designation.

b. Protected Material may be used in depositions. Documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may only be shown in depositions to the persons permitted under Paragraphs 7 or 9, respectively, of this Order. Designation of the portion of the deposition transcript (including exhibits) that contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" material shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by the Disclosing Party or counsel for the Disclosing Party to whose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material the deponent has had access, which shall be so designated within twenty-one (21) days after the final deposition transcript is received. In the interim, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as the case may be. Documents that have been designated "CONFIDENTIAL – Subject to Protective Order" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – Subject to Protective Order" that are used as deposition exhibits retain their confidential status and do not need to be re-designated.

c. Any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced in a non-paper media (e.g., videotape, audiotape, computer disc, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL – Subject to Protective Order" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – Subject to Protective Order" and producing this material in a sealed envelope. In the event a receiving Party

generates any electronic copy, "paper copy," transcription, or printout from any such designated non-paper media, such Party must treat each copy, transcription, or printout as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Order.

14.     Nothing in this Order shall be taken as indicating that any information is in fact "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or entitled to confidential treatment. No Party shall be obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation at the time such designation is  made, and a failure to challenge the designation at the time it is made shall not preclude a subsequent challenge thereto, nor shall a Designated Party of the materials or information as "CONFIDENTIAL – Subject to Protective Order" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – Subject to Protective Order" contend that any delay by another Party in objecting to the Designating Party's designation in any way (a) lends support to the Designating Party's designation or (b) invalidates or diminishes in any way the objecting Party's challenge of the designation for any such materials or information. In the event that any Party disagrees at any stage of these proceedings with such designation, counsel for such Party shall notify counsel for the Disclosing Party in writing (the "Notice").  The objecting Party shall identify each particular document

bearing a designation to which it objects and shall specify the reason(s) for the objection, provided that the Party challenging the designation may identify multiple documents by Bates number (whether in a range of consecutive numbers or otherwise) in its Notice when the reason or reasons for challenging the designation apply in the same manner to the documents identified in the Notice.  Within seven (7) calendar days of the receipt of the Notice, counsel for the Parties (and any non-Party involved) shall promptly schedule a date and time to meet and confer to attempt resolve such dispute in good faith on an informal basis consistent with the requirement to confer in good faith under Fed. R. Civ. P. 26(c)(1) and Fed. R. Civ. P. 37(a)(1). If the dispute cannot be resolved, the Designating Party of the materials in question as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may request appropriate relief from the Court, and the objecting Party may also request any relief from the Court that it deems appropriate (which shall have first been raised no later than during the Parties' meet and confer session(s)) in its opposition to the Designating Party's motion or other proposed method of seeking relief from the Court. The materials in question shall retain their "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" status until the Court rules on any such motion so long as the Designating Party of the materials in question as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" seeks relief from the Court within: (i) thirty (30) days of the date the Parties initially met and conferred, if the disagreement pertains to fewer than

ten documents; or (ii) forty-five (45) days of the date the parties initially met and conferred, if the disagreement pertains to ten or more documents. The Parties (and any non-Party involved) may agree to extend the time for the Designating Party to apply to the Court for relief. If the Designating Party does not apply to the Court for a ruling on the designation of discovery material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within the time period prescribed herein or agreed to by the Parties, the discovery material will no longer be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Nothing in this Order shall alter the burden on the Designating Party to establish the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" status of information it has so designated.  Nothing contained in this Order shall be construed to limit any Party's right to use or offer in Court any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, except that no "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be used or offered in Court or filed in the public record absent the consent of the Disclosing Party or permission of the Court.

15.   Documents containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall not be filed with the Court unless the filing Party obtains the consent of the Designating Party or reasonably believes it is reasonably necessary to do so for purposes of trial, motions or other Court

matters. In the event that any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" material is filed without the consent of the Designating

Party, such material, and any pleadings, motions or other papers filed with the Court

disclosing any such material, shall be filed in compliance with Fed. R. Civ. P. 26(c) and

Local Rule 79-5.1. In such instance, the Party submitting the material shall submit to the

Court a motion to seal and a proposed order pursuant to Local Rule 79-5.1 prior to the

filing of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" material and shall adhere to all requirements in Local Rules 79-5 and

5-4.2 for filing such material under seal, as well as Local Rule 5.2 concerning privacy

protection for filings.

16.     In the event that any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY" material is used in any Court proceeding in connection

with the above-captioned litigation, it shall not lose its "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" status through such use,

and the Parties shall take all steps reasonably required to protect its confidentiality

during such use. In particular, while a motion to seal is pending and before the Court has

ruled, no Party shall make use in open court of any documents that are subject to that

motion to seal without the consent of the Designating Party or the permission of the

Court.

**STIPULATED PROTECTIVE ORDER**

17.     If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material is disclosed to any person other than in the manner authorized by this Order, the person or Party responsible for the disclosure must within a reasonable time but no later than ten (10) calendar days after such disclosure, bring all pertinent facts relating to such disclosure to the attention of counsel for the Disclosing Party and, without prejudice to any other rights and remedies of the Parties or non-Parties make every effort to prevent further disclosure by it or by the person who was the recipient of such material.

18.     Nothing in this Order shall preclude any Parties or non-Parties to the lawsuit or their attorneys (a) from showing a document or part of a document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to an individual who either prepared the document or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using, in any manner or for any purpose, any material or documents from the Disclosing Party's own files which the Disclosing Party itself has designated as "CONFIDENTIAL – Subject to Protective Order" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – Subject to Protective Order."

19.     In the event any receiving Party having possession, custody or control of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material receives a subpoena, request for production of documents, or other

process or order to produce such material in another, unrelated legal proceeding, from a non-Party to the above-captioned litigation, such receiving Party shall:

a.  give prompt written notice of the subpoena within five (5) calendar days of receiving such subpoena, request for production of documents, or other process or order to counsel for the Disclosing Party that designated the material as "CONFIDENTIAL – Subject to Protective Order" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – Subject to Protective Order";

b.  at the same time as the written notice, furnish counsel for that Disclosing Party with a copy of said subpoena, request for production of documents, or other process or order; and

c.  cooperate with respect to all reasonable and legitimate procedures sought to be pursued by the Disclosing Party whose interests may be affected.

The Disclosing Party asserting the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment shall have the burden of defending against such subpoena, process or order. The Party receiving the subpoena, request for production of documents, or other process or order shall be entitled to comply with it except to the extent the Disclosing Party asserting the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment is successful in obtaining an order modifying or quashing the subpoena,

request for production of documents, or other process or order, provided, however, that the Party receiving the subpoena, request for production of documents, or other process shall await the consent of the Disclosing Party or the disposition of any motion to quash or motion for a protective order timely filed by the Disclosing Party before producing any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in response to the subpoena, request for production of documents, or other process or order.

20.   The inadvertent production in the course of discovery in the above-captioned litigation of any documents or material (whether or not designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") shall not be deemed to waive whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to those documents or material produced or to other documents or material, so long as the Disclosing Party notifies the other Party or Parties of the claim of privilege or other protection or immunity within five (5) calendar days of discovery of such inadvertent production. Upon receipt of such notice, all other Parties shall (regardless of whether they agree with the Disclosing Party's claim of privilege or protection) promptly:

   a.   Destroy or segregate all copies of the inadvertently produced documents or material in such Party's possession, custody, or control, and notify the Disclosing Party that it has done so; and

14708932.2                          -18-                    Case No.   12-CV-03448-DDP-CW
                                                            **STIPULATED PROTECTIVE ORDER**

b.  Notify the Disclosing Party that reasonable steps have been taken to retrieve and/or destroy the inadvertently produced documents or material from other persons to whom such documents or material have been provided, if any, consistent with Fed. R. Civ. P. 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of confidential material in this proceeding shall not constitute a waiver of any applicable privilege, protection or prohibition from disclosure of that confidential material in any other federal or state proceeding. Compliance with this Paragraph 20 does not, and shall not be deemed to, constitute agreement that the claimed document or material is in fact privileged or entitled to protection or immunity.

21.  The Parties shall comply with their ethical and legal obligations concerning the actual or apparent inadvertent production of privileged or protected information, including by promptly notifying a Disclosing Party when appropriate.

22.  Within thirty (30) days of the termination of the above-captioned litigation, including final appellate action or the expiration of time to appeal or seek further review, all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, including but not limited to non-public material produced by the Parties, the FDIC or any other government agency, regardless of whether it has been designated "CONFIDENTIAL – Subject to Protective Order," or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – Subject to Protective Order" and all copies thereof, shall either be returned to the Disclosing Party or destroyed, except to the extent the receiving Party is subject to a preservation obligation with respect to a pending claim or lawsuit, in which case the receiving Party shall so notify the Disclosing Party before the expiration of the 30-day period and, if necessary and appropriate, seek a court order resolving any conflict between this Paragraph and any other preservation obligation the receiving Party may have. If destroyed, counsel shall certify the destruction and provide a copy of the certification to the Disclosing Party. Counsel for each Disclosing Party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence (including confidential documents attached to electronic correspondence) and work product provided that such material shall continue to be subject to the terms of this Agreement after termination of the litigation. Documents filed under seal through the Court's ECF shall remain under seal unless or until they are destroyed pursuant to this Court's document retention policy.

23. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of the above-captioned litigation.

24. This Order is without prejudice to the right of any Party or non-Party to seek relief from the Court from any of the provisions contained herein.

25. This Order shall not be construed as waiving any right to assert an evidentiary objection, including but not limited to a claim of privilege, relevance,

14708932.2 -20- Case No. 12-CV-03448-DDP-CW

**STIPULATED PROTECTIVE ORDER**

overbreadth, burdensomeness or other grounds for not producing material called for, and

access to all material (whether or not designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY") shall be only as provided by the

discovery rules and other applicable law.

**IT IS ORDERED.**

DATED:  November 25, 2013

_Carea M. Woehler_
UNITED STATES MAGISTRATE JUDGE

**STIPULATED PROTECTIVE ORDER**