1

2

3   O

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  FEDERAL DEPOSIT INSURANCE      )  Case No. CV 12-03448 DDP (CWx)
    COMPANY AS RECEIVER FOR         )
12  FIRST BANK OF BEVERLY HILLS,    )  **ORDER GRANTING PLAINTIFF'S EX**
                                    )  **PARTE APPLICATION FOR**
13                    Plaintiff,    )  **CONTINUATION OF HEARING AND**
                                    )  **RELATED BRIEFING SCHEDULE**
14        v.                        )
                                    )  [Dkt. No. 131]
15  LARRY B. FAIGIN, CRAIG          )
    KOLASINSKI, ERIC ROSA,          )
16  ANNETTE VECCHIO, HOWARD         )
    AMSTER, WILLIAM D. KING,        )
17  STEPHEN GLENNON, ROBERT         )
    KANNER, KATHLEEN KELLOGG AND    )
18  JOHN LANNAN,                    )
                                    )
19                    Defendants.   )
                                    )
20  _____   )

21       Before the Court is Plaintiff Federal Deposit Insurance

22  Company as Receiver for First Bank of Beverly Hills ("Plaintiff")'s

23  Ex Parte Application for Continuation of Hearing and Related

24  Briefing Schedule. (Dkt. No. 131.) Defendants Larry B. Faigin,

25  William D. King, and Stephen Glennon ("Defendants") oppose the

26  Application. (Dkt. No. 140.) Having considered the parties'

27  submissions, the court will grant the Application in part and

28  modify it as set forth in the following order.

## I.   Background

On May 19, 2014, Defendants filed a motion for summary judgement, which they noticed for June 23, 2014. (Dkt. No. 125.) In the instant Application, Plaintiff requests that the hearing date and briefing schedule for Defendant's summary judgment motion be continued under Federal Rule of Civil Procedure 56(d) so that it has an opportunity to conduct further discovery in support of its opposition.

## II.   Legal Standard

Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may
>
> > (1) defer considering the motion or deny it;
> >
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> >
> > (3) issue any other appropriate order.

Fed.R.Civ.Pro. 56(d).

Although Rule 56(d) "facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'" <u>Metabolife Int'l, Inc. v. Wornick</u>, 264 F.3d 832, 846 (9th Cir. 2001) (quoting <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 250 n. 5 (1986).

A party requesting time to conduct discovery before responding to a summary judgment motion must show: "(1) it has set forth in

affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." <u>Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.</u>, 525 F.3d 822, 827 (9th Cir. 2008) (citation omitted).

## III. Discussion

The court is persuaded that Rule 56(d) relief is appropriate in this case.

As an initial matter, the summary judgment motion was brought early in this case considering the fact-intensive nature of the motion. The motion relies on 43 exhibits comprising 774 pages in support of 123 asserted facts. (<u>See</u> Dkt. Nos. 133-136, 137-138.) However, under the Scheduling Order, fact discovery does not close until August 30, 2014 and initial expert disclosures and reports are not due until September 5, 2014. (Dkt. No. 91.) It is premature for a motion requiring such substantial fact analysis to be brought at a stage when it can be expected that the facts are not fully developed.

Plaintiff asserts that it has not had a sufficient opportunity at this stage in the litigation to prove its case because, among other things, (1) it has not had an opportunity to depose Defendants or various third parties (indeed, it appears no depositions have been taken on either side), and (2) with one exception, the parties have yet to exchange documents responsive to their discovery requests. (Declaration of Gregory P. O'Hara in Support of Application ¶¶ 11, 12.) When "a summary judgment motion is filed so early in the litigation, before a party has had any

1  realistic opportunity to pursue discovery relating to its theory of

2  the case, district courts should grant any Rule 56(f) motion fairly

3  freely." Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux

4  Tribes of Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir.

5  2003).[1]

6      Defendants contend that Plaintiff has ample evidence at its

7  disposal to support its opposition as a result of a prior Federal

8  Deposit Insurance Company Enforcement Division proceeding in which

9  defendants and certain FDIC examiners testified. (Opposition at 2.)

10 However, Plaintiff asserts that it was not consulted with respect

11 to the prosecution of the enforcement proceeding and raises

12 questions about the admissibility of the earlier testimony.

13 (Application at 6-7; Reply Declaration of Kathleen M. Balderston in

14 Support of Application ¶ 6-8.) Plaintiff also argues that there are

15 parties who did not testify in the earlier proceeding whose

16 testimony it expects to be important to the present case and other

17 sources of evidence on which it intends to rely in preparing its

18 opposition. (Application at 7-8.)

19      Specifically, Plaintiff asserts that it has not yet had the

20 opportunity to take the following categories of discovery:

21          A. Third-party witnesses with personal knowledge of the issues
            raised in the Motion, including examiners from the FDIC and
22          California Department of Financial Institutions ("DFI") who
            did not give testimony in the unrelated administrative
23          proceeding. The facts elicited from subpoena of these
            witnesses will relate to the material reviewed and not
24          reviewed during the relevant examinations.

25

26      [1] On December 1, 2010 amendments to the Federal Rules Of Civil
27 Procedure became effective. Those amendments renumbered and revised
   the former text of Rule 56(f) as Rule 56(d), but did not
28 substantively change the rule in any manner that affects the
   court's analysis.

B. Expert witnesses whose knowledge and opinions are required in order to counter the factual assertions made in the Motion which purport to establish that the 2006 FDIC and 2007 DFI examinations were conducted according to certain standards. The facts and opinions elicited during expert discovery will relate to the standard of care required in a bank regulatory examination, the depth, scope, care, and quality of the FDIC and DFI examinations, and how the standard for examinations differs from the standard of care and duties to which bank directors and officers are subject.

C. Deposition testimony of the Moving Defendants themselves, from whom the FDIC-R intends to elicit facts relating to the nature of the Chinatrust loan participation purchase and other loan approvals pertinent to each defendant, that were known by the Moving Defendants but not by the FDIC and DFI examiners during the 2006 and 2007 examinations.

D. Documentary evidence maintained by or in the custody or control of third parties, which the FDIC-R intends to obtain via subpoena. Using evidence produced in response to subpoenas duces tecum, the FDIC-R will elicit further facts that pertain to the information available to FBBH, and specifically to each Moving Defendant, at the time of approving the loans at issue.

(O'Hara Decl. ¶ 9.) Plaintiff asserts that it has identified the third-party witnesses with relevant knowledge who it intends to subpoena for production of documents and things, as well as for deposition testimony. (Id.)

As Defendant points out, Plaintiff's descriptions of its anticipated sources of evidence are somewhat general. (Opp. at 5-6.) However, "where, as in the present litigation, [virtually] no discovery whatsoever has taken place, the party making a [Rule 56(d)] motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." Burlington N. Santa Fe R., 323 F.3d at 774.

At this stage in the litigation, Plaintiff has sufficiently identified the evidence it seeks to develop and its relationship to Defendants' motion. Plaintiff points, by way of example, to

1   Defendant's assertion that "[o]ne of the reasons for FBBH's

2   contemplated move into [acquisition, development, and construction]

3   lending was in response to FDIC criticism of its decreased earnings

4   and low margins." (Defendant's Statement of Uncontroverted Facts

5   and Conclusions of Law ¶ 13 (citing *inter alia* Declaration of

6   Defendant Larry F. Faigan in Support of Motion ¶ 4).) Plaintiff

7   asserts that it "has not yet had an opportunity to question any of

8   the defendants, including those defendants who in 2006 held sizable

9   investment in the FBBH's holding company, as to whether a material

10  reason for FBBH's move into the large ADC lending relationships,

11  such as the ChinaTrust participations, was to quickly grow the bank

12  in order to sell it and realize profit on their investment."

13  (Balderston Decl. ¶ 11) Moreover, Plaintiff asserts, it "has not

14  yet had an opportunity to depose Mr. Faigin ... about discussions

15  with examiners about the Bank's loan underwriting standards, as

16  well as the impact of the Bank's decision to increase earnings by

17  entering into ADC lending upon those standards." (Id. ¶ 12.) As

18  illustrated by this example, the court is satisfied that the

19  information sought is reasonably necessary to enable Plaintiff a

20  full and fair opportunity to support its opposition.

21      In view of the foregoing, the court concludes that Plaintiff

22  has met its burden to establish that relief is warranted under Rule

23  56(d). However, because discovery is ongoing and new facts are

24  likely to be developed in support of both parties' positions, the

25  court finds that the most efficacious course of action is to vacate

26  the pending summary judgment motion, rather than grant a

27  continuance on its hearing and briefing schedule.

28

**IV.   Conclusion**

For the reasons set forth herein, Plaintiff's Ex Parte Application is granted in part and modified as follows: Defendant's Motion for Summary Judgment (Dkt. No. 125) is vacated because it is likely that the arguments will be further refined as the result of additional discovery.  A new motion for summary judgment shall be filed by Defendant no earlier than September 22, 2014.


IT IS SO ORDERED.

Dated: June 2, 2014

DEAN D. PREGERSON
United States District Judge